**Stanley Randolph KEELING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–95–0417–CR.**

Court of Appeals of Texas,
Amarillo.

Sept. 16, 1996.

Rehearing Overruled Oct. 14, 1996.

Law Offices of Marshall T. White, Marshall T. White, Amarillo, for appellant.

Rebecca King, Bruce P. Sadler, Potter County District Attorneys, Amarillo, for appellee.

Before BOYD and QUINN, JJ., and REYNOLDS, Senior Justice.*

QUINN, Justice.

Stanley Randolph Keeling, appellant, appeals from an order revoking probation and confining him to prison for six years. Through one point of error, he argues that his sentence violates the prohibitions of § 3(b) of article 42.12 of the Texas Code of Criminal Procedure. We disagree, overrule the point, and affirm the judgment.

### Background

The State of Texas originally indicted appellant in November of 1987 for intentionally and knowingly possessing a controlled substance. In December of 1987, he pled guilty to the charge, and the trial court deferred his adjudication and placed him on probation for ten years. Approximately 64 months later, that is, in March of 1993, the State succeeded in having appellant adjudicated guilty of the original offense. As a result of this adjudication, the trial court sentenced him to prison for ten years, suspended the imposition of that sentence, and again placed him on probation for ten years. Needless to say, appellant violated the terms of this last round of probation. Consequently, the latter was revoked, and, in December of 1995, the trial court ordered him confined to prison for six years.

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

## Argument

■ As previously mentioned, appellant asserts that his current sentence is void. His argument is founded upon § 3(b), article 42.12 of the Texas Code of Criminal Procedure. According to that provision, the maximum amount of community supervision which one may be ordered to serve cannot exceed ten years. *Tex.Code Crim. Proc. Ann.* art. 42.12, § 3(b) (Vernon Supp.1996). With this in mind, he posits that the trial court could not lawfully place him on probation for ten years in March of 1993 after ordering him to serve ten years probation in December of 1987. In other words, the amount of probation exceeded the ten year limitation of § 3(b). And, since the December 1995 sentence arose from his violation of the illegal 1993 sentence, he opines that the 1995 sentence is void.

Appellant's argument could have merit if § 3(b) of article 42.12 were read in a vacuum. After all, the provision does dictate that "in a felony case . . . the maximum period of community supervision is 10 years." *Tex.Code Crim. Proc. Ann.* art. 42.12, § 3(b). And, legislative history does suggest that probation ordered prior to 1993 in relation to deferred adjudication constitutes community supervision for purposes of article 42.12. Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.04, 1993 Tex. Gen. Laws 3743 (to be codified at Tex.Code Crim. Proc. Ann. art. 42.12).

■ Yet, we cannot ignore § 5(b) of the very same article. It states that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue *as if adjudication of guilt had not been deferred.*" *Tex.Code Crim. Proc. Ann.* art. 42.12, § 5(b) (emphasis added). What this means is that once a defendant is adjudicated guilty, the community supervision ordered as part of the deferred adjudication, has no effect upon any subsequent punishment the court may order. Indeed, the Texas Court of Criminal Appeals said as much in *McNew v. State,* 608 S.W.2d 166 (Tex.Crim.App.1978).

In *McNew,* the appellant argued that, after adjudicating him guilty, the trial court could not impose any sentence greater than that originally levied as a condition of deferred adjudication. The court disagreed. In construing the similarly worded predecessor of § 5(b), it recognized that the "[l]egislature intended that after adjudication of guilt following deferred adjudication the assessment of punishment shall be as if the adjudication of guilt had not been deferred." *Id.* at 177. This, consequently, prevented McNew from using his pre-adjudication probation to influence his post-adjudication punishment. *Id.* at 176–77.

■ Following the dictates of both *McNew* and § 5(b), we conclude that the community supervision imposed upon a defendant before an adjudication of guilt cannot be added to that ordered after adjudication to derive a sum exceeding ten years. Simply put, and as a result of a legal fiction, the court never ordered probation in 1987. Thus, neither the March 1993 judgment nor the December 1995 sentence are void.

We affirm.