**David DUNN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 10–98–023–CR to 10–98–026–CR.**

Court of Appeals of Texas,
Waco.

Aug. 4, 1999.

William F. Carter, Madisonville, for appellant.

Robert W. Gage, County/District Attorney, Fairfield, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Appellant David Dunn pleaded guilty in 1988 to five charges of theft of property valued at $750 or more but less than $20,-000. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 599, § 1, 1985 Tex. Gen. Laws 2244, 2245 (amended 1993) (current version at Tex. Pen.Code Ann. § 31.03(e)(4)(A) (Vernon Supp.1999)). Pursuant to a plea agreement, the court deferred an adjudication of guilt and placed Dunn on unadjudicated probation for three years in each case. In 1991, the court adjudicated Dunn's guilt. The court sentenced him to prison for ten years in each case. The court suspended imposition of sentence and placed Dunn on probation for ten years in the four cases presently before us. In the case not before us, the court did not grant probation and imposed the ten-year sentence.[1]

The court revoked Dunn's four probations in December 1997. The court reduced his term of confinement in each case from ten to six years and sentenced him accordingly. Dunn presents six issues in which he claims: (1) the court abused its discretion when it found the evidence sufficient to prove four of the allegations set forth in each of the State's revocation motions (four issues); (2) he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution; and (3) his prison sentences are void because they are premised on orders which are

---

1. Henceforth, this opinion addresses only the four cases in which Dunn received probation unless otherwise indicated.

illegal because they imposed probationary terms exceeding ten years in violation of article 42.12, section 3 of the Code of Criminal Procedure. We will affirm.

## BACKGROUND

Dunn's convictions arise from the passing of hot checks in October 1987. The court placed him on deferred adjudication probation in March 1988. The court ordered him to pay restitution totaling $14,911.87 for the four cases. The State filed motions to adjudicate Dunn's guilt in 1991. The court found the allegations in these motions true and adjudicated Dunn's guilt in all four cases. The court sentenced Dunn to ten years' imprisonment, suspended imposition of sentence, and placed Dunn on probation in all four cases for ten years.

In March 1997, the State filed a motion to revoke Dunn's probation in Cause No. 10–98–024–CR. The motion alleged six violations including: assault, reckless conduct, failure to abstain from the consumption of alcoholic beverages, failure to pay court costs or restitution, failure to avoid places of disreputable and harmful character, and failure to report to his probation officer from September 1996 through March 1997.

The State filed motions to revoke Dunn's three other probations in September 1997. These motions each alleged the same four violations: driving "under the influence of intoxicating liquor," failure to abstain from the consumption of alcoholic beverages, bail jumping, and failure to pay court costs or restitution. The State amended these motions in November 1997 to add the allegations of the March 1997 motion not already included in the subsequent motions. The State similarly amended the March 1997 motion to add the allegations contained in only the September 1997 motions. Thus, the State proceeded to the revocation hearing with identical allegations in all four cases.

At the hearing, the court found all the allegations true and revoked Dunn's probation in each case.[2] The court reduced his term of confinement in each case from ten to six years and sentenced him accordingly. See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3518 (amended 1993) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp.1999)).

## SUFFICIENCY OF EVIDENCE

■ Dunn contends in his first four issues respectively that the court abused its discretion when it found the evidence sufficient to prove he: (1) failed to pay court costs or restitution; (2) failed to report to his probation officer; (3) committed the "offense" of driving "under the influence of intoxicating liquor"; and (4) committed the offense of bail jumping. He does not challenge the court's findings that he: (1) committed the offense of assault; (2) committed the offense of reckless conduct; (3) failed to abstain from the consumption of alcoholic beverages on two different occasions; and (4) failed to avoid places of disreputable and harmful character.

■ Evidence of one probation violation will support a court's decision to revoke probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. [Panel Op.] 1980); *Marcum v. State*, 983 S.W.2d 762, 766–67 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). A court does not abuse its discretion in revoking probation if one violation is shown. *Id.* Although Dunn challenges four of the court's findings on alleged violations, he does not contest the court's findings on other violations, including two criminal offenses. Accordingly, we cannot say the court abused its discretion in revoking Dunn's probations. Thus, we overrule Dunn's first four issues.

**2.** In Cause No. 10–98–024–CR, the court did not make a finding on the driving "under the influence" allegation. Nevertheless, the court found this allegation true in the three other cases.

## LENGTH OF PROBATIONARY TERMS

Dunn argues in his sixth issue that his prison sentences are void because they are premised on illegal probation sentences. Specifically, he claims the 1991 orders placing him on probation for ten years are illegal because when combined with the three-year terms of his deferred adjudication probations the total length of his probationary terms exceeds ten years in violation of article 42.12, section 3. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3498–99 (amended 1993) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(b) (Vernon Supp.1999)) (hereinafter "TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3").[3]

### ARTICLE 42.12, SECTION 3

■ Section 3 of article 42.12 provides in pertinent part:

The judges of the courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power, after conviction or a plea of guilty or nolo contendere for any crime or offense, where the maximum punishment assessed against the defendant does not exceed ten years imprisonment, to suspend the imposition of the sentence and may place the defendant on probation or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided. Except as otherwise provided by this section, in all felony cases where the punishment is assessed by the Court it may fix the period of probation without regard to the term of punishment

assessed, but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted.

*Id.*

It could be argued that this statute applies to both deferred adjudication probation and adjudicated probation as it empowers trial courts to grant probation "after conviction" (arguably adjudicated cases) or after "a plea of guilty or nolo contendere" (arguably deferred adjudication cases). *Id.* (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp.1999)). Thus, article 42.12, section 3 could be read to place a cap on the combined length of probationary terms served by one such as Dunn who receives both deferred adjudication probation and adjudicated probation. However, a careful analysis of the statute's language and history suggests otherwise.

Article 42.12, section 3 applies to cases where the "punishment assessed against the defendant does not exceed ten years imprisonment." *Id.* In other words, the statute applies only in cases where a sentence has been assessed which does not exceed ten years. In deferred adjudication cases however, no sentence is assessed. *Davis v. State,* 968 S.W.2d 368, 371 (Tex.Crim.App.1998). Thus, article 42.12, section 3 by its own terms does not apply to deferred adjudication probation.

### AFTER CONVICTION OR A PLEA OF GUILTY

The Legislature employed the terms "conviction" and "plea of guilty" apparently to differentiate between defendants whose guilt has been adjudicated by a jury and those who plead guilty before a court. The original[4] suspended sentence law provided in pertinent part:

---

3. We cite the version of article 42.12, section 3 in effect in 1991 when the trial court adjudicated Dunn's deferred status and placed him on adjudicated probation. All further references in this opinion to article 42.12, section 3 are to this version of the statute unless otherwise indicated.

4. The Court of Criminal Appeals held unconstitutional a prior suspended sentence law. *See Snodgrass v. State,* 67 Tex.Crim. 615, 627, 150 S.W. 162, 167 (1912).

That when there is a *conviction* of any felony in any district court of this State, except murder, perjury, burglary of a private residence, robbery, arson, incest, bigamy and abortion, the court shall suspend sentence upon application made therefor in writing by the defendant, which shall be sworn to and filed before the trial begins, when the punishment assessed by the jury shall not exceed five years confinement in the penitentiary. . . .

Act approved Feb. 11, 1913, 33d Leg., R.S., ch. 7, § 1, 1913 Tex. Gen. Laws 8, 8 (emphasis added), *amended by* Act of Feb. 4, 1925, 39th Leg., R.S., § 2, art. 776, *in* REVISED CRIMINAL STATUTES: TEXAS 1925,[5] § 2, at 121 (Baldwin & Sons 1925). The Thirty–Ninth Legislature carried this provision forward with minor modifications in article 776 of the 1925 Code of Criminal Procedure.[6] *See* Act of Feb. 4, 1925, 39th Leg., R.S., § 2, art. 776, *in* REVISED CRIMINAL STATUTES: TEXAS 1925, § 2, at 121 *repealed by* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 54.02, sec. 1(a), 1965 Tex. Gen. Laws 317, 563.

In 1931, the Legislature added article 776a to the Code of Criminal Procedure which provided in pertinent part:

When a defendant has entered a *plea of guilty* and has waived his right of a trial by Jury, and has consented to be tried by the Court and there is a conviction of any felony, except murder, perjury, burglary of a private residence at night, robbery, arson, incest, bigamy, seduction and abortion,[7] and the punishment assessed by the Court shall not exceed five years, the Court shall have the right and power to suspend the sentence of the defendant during his good behavior. . . .

Act approved Apr. 9, 1931, 42d Leg., R.S., ch. 43, § 4, 1931 Tex. Gen. Laws 65, 66 (emphasis added), *repealed by* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 54.02, sec. 1(a), 1965 Tex. Gen. Laws 317, 563.

The Legislature first adopted the phrase "after conviction or a plea of guilty" when it added article 781b to the Code in 1947. *See* Adult Probation and Parole Law, 50th Leg., R.S., ch. 452 § 1, 1947 Tex. Gen. Laws 1049, 1050–51, *repealed by* Adult Probation and Parole Law of 1957, 55th Leg., R.S., ch. 226, § 35, 1957 Tex. Gen. Laws 466, 474–75. Article 781b provided in a manner nearly identical to article 42.12, section 3:

The courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power,

5. The 39th Legislature compiled all extant laws relating to crimes or criminal procedure and revised and recodified them in a Penal Code and a Code of Criminal Procedure. The Legislature did not however set out the provisions of these revised codes in the volumes containing the general laws enacted in that session. Rather, the Legislature directed that a volume entitled "Texas Criminal Statutes, 1925" be published containing the new codes. *See* Act approved Mar. 24, 1925, 39th Leg., R.S., ch. 104, §§ 1–2, 1925 Tex. Gen. Laws 282, 282. Revised Criminal Statutes: Texas 1925 is divided into 3 sections in conformity with the Act adopting the new Penal Code and Code of Criminal Procedure. Section 1 contains the Penal Code; section 2 contains the Code of Criminal Procedure; and section 3 contains the repealer provisions. Sections 1 and 2 are separately paginated, and section 3 appears at the end of both codes.

6. Among the more notable of the modifications the 39th Legislature made to the original suspended sentence law when it carried that law forward as article 776 was the Legislature's revision of the list of crimes for which a defendant could *not* receive a suspended sentence. The two alterations to the list were the limitation of residential burglaries to only those occurring at night and the addition of seduction as a crime for which a defendant could not receive a suspended sentence. *Compare* Act approved Feb. 11, 1913, 33d Leg., R.S., ch. 7, § 1, 1913 Tex. Gen. Laws 8, 8, *with* Act of Feb. 4, 1925, 39th Leg., R.S., § 2, art. 776, *in* REVISED CRIMINAL STATUTES: TEXAS 1925, § 2, at 121 (Baldwin & Sons 1925).

7. *See* note 6, *supra.*

*after conviction or a plea of guilty* for any crime or offense except murder, rape, and offenses against morals, decency, and chastity where the maximum punishment assessed the defendant does not exceed ten (10) years imprisonment, and where the defendant has not been previously convicted of a felony, to suspend the imposition or the execution of sentence and may place the defendant on probation for the maximum period of the sentence imposed or if no sentence has been imposed for the maximum period for which the defendant might have been sentenced, or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided.

*Compare id.* at 1050–51 (emphasis added) *with* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3.[8]

The Legislature continued to employ this phraseology in article 781d created by the Adult Probation and Parole Law of 1957 and ultimately in the current Code of Criminal Procedure. *See* Adult Probation and Parole Law of 1957, 55th Leg., R.S., ch. 226, § 3, 1957 Tex. Gen. Laws 466, 467; Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 42.12, sec. 3, 1965 Tex. Gen. Laws 317, 490 (amended 1973) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3(a)).

Because articles 781b and 781d co-existed with articles 776 and 776a of the 1925 Code of Criminal Procedure, we conclude that the phrase "after conviction" historically has referred to those cases previously governed by article 776 in which a jury has found the defendant guilty and assessed his punishment, while "after ... a plea of guilty" has referred to those cases previously governed by article 776a in which the

defendant has pleaded guilty to the court and the court has assessed punishment. Because the Legislature carried this exact terminology forward in the current Code of Criminal Procedure, we conclude that it intended the same construction to continue to apply.

## DEFERRED ADJUDICATION

The phrase "after conviction or a plea of guilty" found in article 42.12, section 3 antedates the creation of deferred adjudication in Texas by almost thirty years. *Compare* Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572 (amended 1981) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp.1999)), *with* Adult Probation and Parole Law, 50th Leg., R.S., ch. 452, § 1, 1947 Tex. Gen. Laws at 1050–51 (repealed 1957). Thus, the Legislature did not have deferred adjudication in mind when it adopted this terminology.

Moreover, article 42.12, section 5(b) provides in pertinent part, "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3501 (amended 1993) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b)) (hereinafter "TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b)").[9] Thus, upon an adjudication of guilt, a trial court may proceed to assess punishment as if the prior proceeding placing a defendant on deferred adjudication probation had not occurred. *See Keeling v. State,* 929 S.W.2d 144, 145 (Tex.App.—Amarillo 1996,

---

**8.** Unlike article 781b or 781d, article 42.12, section 3 also provides for probation after a plea of "nolo contendere." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3. The Legislature added this provision in 1985. *See* Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, 1985 Tex. Gen. Laws 1531, 1532 (amended 1989) (current version at TEX CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp.1999)).

**9.** We cite the version of article 42.12, section 5 in effect in 1991 when the court adjudicated Dunn's deferred status. All further references in this opinion to article 42.12, section 5 are to this version of the statute unless otherwise indicated.

no pet.). At that point, the trial court can place the defendant on probation or sentence him to imprisonment as warranted by the evidence and the sentence actually assessed and without regard to the length of time the defendant previously served on deferred adjudication probation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *accord Keeling,* 929 S.W.2d at 145.

### SUMMARY

The language and history of article 42.12, section 3 indicate that the ten-year cap on probation imposed by that statute does not apply to deferred adjudication probations. Article 42.12, section 5(b) provides that, upon adjudication, a defendant who has served a deferred adjudication probation is punished without regard to the length of time previously served on the deferred probation and may be placed on adjudicated probation or sentenced to imprisonment as warranted.

For these reasons, Dunn's 1991 probation sentences are not illegal. Thus, his current prison sentences arising from the revocation of those probations are not void. Accordingly, we overrule Dunn's sixth issue.

### CRUEL AND UNUSUAL PUNISHMENT

■ Dunn asserts in his fifth issue that the combination of his three years on deferred adjudication probation, six and one-half years on regular probation, and six years in prison constitutes cruel and unusual punishment for the offenses charged. As Dunn puts it, "As a result of the revocation of his four pending probations and the assessment of six (6) years confinement the appellant will have been either on some type of probation or in prison or on parole from 1988 until approximately the year 2003 for what was originally five bad checks." Dunn argues that this violates the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution.

Dunn cites no authority suggesting any distinction between the Eighth Amendment's prohibition of "cruel and unusual" punishment and the Texas Constitution's ban on "cruel or unusual" punishment. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. We are aware of none. *See Moore v. State,* 935 S.W.2d 124, 128 (Tex. Crim.App.1996). Thus, we address his federal and state constitutional claims together. *See Simmons v. State,* 944 S.W.2d 11, 14 (Tex.App.—Tyler 1996, pet. ref'd); *Davis v. State,* 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd).

In *Solem v. Helm,* the United States Supreme Court held that the Eighth Amendment prohibits "disproportionate" prison sentences. 463 U.S. 277, 288–90, 103 S.Ct. 3001, 3008–10, 77 L.Ed.2d 637 (1983). The Court identified three criteria which should be employed to evaluate the proportionality of a particular sentence:

- the gravity of the offense and the harshness of the penalty;
- the sentences imposed on other criminals in the same jurisdiction; and
- the sentences imposed for commission of the same crime in other jurisdictions.

*Id.,* 463 U.S. at 292, 103 S.Ct. at 3011.

The Court revisited this issue in *Harmelin v. Michigan* but could muster only a plurality opinion. 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Justice Scalia, joined by Chief Justice Rehnquist, delivered the Court's opinion that a mandatory life sentence without the possibility of parole does not constitute "cruel and unusual" punishment under the Eighth Amendment. *Id.,* 501 U.S. at 994–96, 111 S.Ct. at 2701–02. Justices Kennedy, O'Connor and Souter concurred with Justice Scalia and Chief Justice Rehnquist in that respect. *Id.,* 501 U.S. at 996, 111 S.Ct. at 2702. However, the justices disagreed about the reasons for that result.

Justice Scalia and Chief Justice Rehnquist believe "the Eighth Amendment contains no proportionality guarantee" and thus "*Solem* was simply wrong." *Id.,* 501 U.S. at 965, 111 S.Ct. at 2686. Justices

Kennedy, O'Connor and Souter believe *Solem* is correct to the extent that the Eighth Amendment prohibits "grossly disproportionate" sentences. *Id.,* 501 U.S. at 1001, 111 S.Ct. at 2705 (Kennedy, J., concurring).

The Fifth Circuit applied a "head-count analysis" to *Harmelin* and concluded: "disproportionality survives; *Solem* does not." *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992). The Fifth Circuit looked to Justice Kennedy's concurring opinion and derived the following test to be employed when considering whether a particular sentence is disproportionate under the Eighth Amendment:

> [W]e will initially make a threshold comparison of the gravity of [the appellant's] offense[ ] against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of the *Solem* test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

*Id.*

At least three intermediate appeals courts in Texas have applied the *McGruder* test in addressing disproportionate sentence claims. *See Mathews v. State,* 918 S.W.2d 666, 669 (Tex.App.—Beaumont 1996, pet. ref'd); *Puga v. State,* 916 S.W.2d 547, 549–50 (Tex.App.—San Antonio 1996, no pet.); *Lackey v. State,* 881 S.W.2d 418, 421 (Tex.App.—Dallas 1994, pet. ref'd). Three others have acknowledged *McGruder* and *Harmelin* but have nevertheless applied the *Solem* factors in assessing the proportionality of the sentences in question even after finding the sentences were not "grossly disproportionate." *See Sulli-*

*van v. State,* 975 S.W.2d 755, 757–58 (Tex. App.—Corpus Christi 1998, no pet.); *Simmons,* 944 S.W.2d at 15; *Davis,* 905 S.W.2d at 664–65.

We find the *McGruder* rationale persuasive and will follow it as did the Dallas, San Antonio, and Beaumont courts. We will first compare the gravity of Dunn's offenses to the severity of the sentences imposed. *See McGruder,* 954 F.2d at 316; *Mathews,* 918 S.W.2d at 669; *Puga,* 916 S.W.2d at 550; *Lackey,* 881 S.W.2d at 421–22. Only if this comparison raises an inference that the sentences are "grossly disproportionate" will we move to a consideration of the *Solem* factors. *Id.* In a revocation appeal, we look not to the grounds for revocation to determine the gravity of the offense but to the facts of the underlying offense for which Dunn was convicted. *Mathews,* 918 S.W.2d at 669.

To conduct this comparison however, we must determine what constitutes Dunn's "sentence." Dunn argues that we should consider the combined length of his probationary terms and his prison sentences which total fifteen and one-half years. The State responds that we should look only to his six-year prison sentences. The provisions of article 42.12, sections 5(b) and 26 answer this question. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b); Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3518 (amended 1993) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23 (Vernon Supp.1999)) (hereinafter "TEX.CODE CRIM. PROC. ANN. art. 42.12, § 26").[10]

As already noted, section 5(b) of article 42.12 states, "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sen-

10. We cite the version of article 42.12, section 26 which applies to Dunn's probation revocations. Although the statute was amended in 1993, the 1993 amendments apply "only to a defendant charged with or convicted of an offense committed on or after the effective date of this article [September 1, 1993]." Act of May 29, 1993, 73d Leg., R.S., ch. 900,

§§ 4.02(a), 4.05(a), 1993 Tex. Gen. Laws 3586, 3742–43. The 1993 amendments do not apply to Dunn because his offenses occurred in 1987. Thus, all further references in this opinion to article 42.12, section 26 are to the pre–1993 version of the statute unless otherwise indicated.

tence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b). Section 26(a) of that article similarly provides that when a court revokes a defendant's probation, "the court may proceed to dispose of the case as if there had been no probation." *Id.* art. 42.12, § 26(a). Section 26(b) provides, "No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve." *Id.* art. 42.12, § 26(b). Thus, article 42.12, sections 5(b) and 26 instruct that the prior probationary terms are not included in the defendant's ultimate "sentence."

Additionally, the nature of both deferred and adjudicated probations points to this result. In a deferred adjudication probation, no "sentence" is assessed. *Davis*, 968 S.W.2d at 371. When a court places a defendant on adjudicated probation, the court "suspend[s] the imposition of the sentence." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3. Thus, no sentence is imposed on a defendant who has received deferred or adjudicated probation unless and until he is adjudicated and/or his probation is revoked.

In Dunn's four cases, the court imposed six-year sentences. Dunn characterizes his convictions as arising from "what was originally five bad checks." However, his judgments reflect four convictions for theft of property valued at between $750 and $20,000. The court ordered restitution totaling almost $15,000. In each case, the court sentenced Dunn to slightly more than one-half of the maximum term of imprisonment he could have received. Thus, we conclude the severity of Dunn's sentences is not "grossly disproportionate" to the thefts he committed. *See McGruder*, 954 F.2d at 316–17; *Mathews*, 918 S.W.2d at 669; *Puga*, 916 S.W.2d at 549–50; *Lackey*, 881 S.W.2d at 421–22. Accordingly, his six-year sentences do not constitute cruel and unusual punishment. We overrule his fifth issue.

We affirm the judgment.