NUMBER 13-98-610-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


HARRY MURPHY, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 130th District Court


of Matagorda County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Yañez





 Harry Murphy, appellant, pleaded guilty to the charge of
aggravated assault with use of a deadly weapon.(1) The trial court
deferred adjudication of guilt and placed him on community supervision
for a period of ten years. Following a hearing on the State's motion to
adjudicate, appellant was adjudicated guilty and sentenced to ten years
imprisonment. In seven points of error, appellant challenges the trial
court's adjudication and revocation of his community supervision,
contending (1) there was insufficient evidence to support the
revocation, (2) a lack of probable cause to support his arrest and the
search of his vehicle, (3) chain of custody violations, and (4) that the
trial court abused its discretion by imposing the ten year sentence. We
dismiss this appeal for want of jurisdiction.

FACTS

 On February 6, 1996, appellant entered a plea of guilty to the
offense of aggravated assault with use of a deadly weapon. The trial
court, after finding the facts sufficient to find appellant guilty, ordered
that further proceedings be deferred without entering an adjudication
of guilt and placed appellant on deferred adjudication probation for a
period of ten years, specifying terms and conditions of community
supervision.

 On November 24, 1997, state trooper James Lucky stopped
appellant for speeding and failure to wear a seat belt. According to the
officer, appellant consented to a search of the vehicle, which revealed
one and a half crack cocaine cookies and a marijuana cigar. Appellant
was arrested, and after being advised of his rights, gave a written
statement admitting possession of the crack cocaine and marijuana. 

 On August 11, 1998, the State filed a motion to adjudicate,
alleging subsequent law violations, failure to report, and failure to pay
fines, fees and costs, all in violation of the terms of his probation. 
Appellant pleaded "not true" to all counts. On October 8, 1998, after a
hearing on the State's motion, the trial court adjudicated appellant
guilty on the original charge and sentenced appellant to ten years
imprisonment.

DISCUSSION

 In seven points of error, appellant alleges Fourth Amendment
violations in effecting his arrest, abuse of discretion by the trial judge in
sentencing him to the full ten year term, and indigency as a basis for
non-payment of fees. In its brief, the State contends there was
probable cause for the arrest and that the evidence is sufficient, through
appellant's own confession, to show he engaged in the possession of
controlled substances in violation of his conditions of community
supervision.

 Violations of community supervision and adjudications of guilt for
those granted deferred adjudication are governed by article 42.12, §5(b)
of the Texas Code of Criminal Procedure, which provides:

(b) On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant
may be arrested and detained.... The defendant is entitled to
a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the
original charge. No appeal may be taken from this
determination. After an adjudication of guilt, all proceedings,
including assessment of punishment, pronouncement of
sentence, granting of community supervision, and the
defendant's appeal continue as if the adjudication of guilt
had not been deferred. . . . 


Tex. Code Crim. Proc. Ann. art. 42.12, §5(b) (Vernon Supp. 2000)
(emphasis added). 

 The court of criminal appeals has held that the above-quoted
statement means exactly what it says. Olowosuko v. State, 826
S.W.2d 940, 942 (Tex. Crim. App. 1992) (citing Williams v. State, 592
S.W.2d 931, 932 (Tex. Crim. App. 1979)); see also Burger v. State, 920
S.W.2d 433, 436 (Tex. App.--Houston [lst Dist.] 1996, pet. ref'd); Rocha
v. State, 903 S.W.2d 789, 790 (Tex. App.--Dallas 1995, no pet.).

 In Williams, the court of criminal appeals held that "the trial
court's decision to proceed with an adjudication of guilt, is one of
absolute discretion and not reviewable by this Court." Williams, 592
S.W.2d at 932-33; see also Abdallah v. State, 924 S.W.2d 751, 754-55
(Tex. App.--Fort Worth 1996, pet. ref'd); Burger, 920 S.W.2d at 436. 
Therefore, we do not have jurisdiction to review appellant's allegations
of Fourth Amendment violations, insufficiency of the evidence at the
adjudication hearing, or his reasons for non-payment of his community
supervision fees. 

 In point of error four, appellant complains that the trial court
abused its discretion in imposing a ten year sentence. He argues "that
he performed a substantial period of his probation term without
violation of the law." We construe appellant's argument to mean that
he should have been credited for some of the time that he was on
community supervision. The sentence is within the range of
punishment for the offense to which appellant pleaded guilty.

 The trial court's assessment of punishment is a "proceeding"
following adjudication, and accordingly, appellant's appeal of the
assessment of punishment is not barred by article 42.12, section 5(b). 
See Tex. Code Crim. Proc. Ann. art. 42.12, §5(b) (Vernon Supp. 2000)
("After an adjudication of guilt, all proceedings, including assessment
of punishment, pronouncement of sentence, granting of community
supervision, and the defendant's appeal continue as if the adjudication
of guilt had not been deferred. . . . "); see also Dunn v. State, 997
S.W.2d 885, 890 (Tex. App.--Waco 1999, pet. ref'd) (citing Keeling v.
State, 929 S.W.2d 144, 145 (Tex. App.-- Amarillo 1996, no pet.);
Rodriquez v. State, 972 S.W.2d 135, 138 (Tex. App.--Texarkana 1998)
(noting that proceedings which may be appealed because they are not
barred by article 42.12, section 5(b) include assessment of punishment,
ineffective assistance at punishment hearing, and pronouncement of
sentence), aff'd on other grounds, 992 S.W.2d 483, 484 (Tex. Crim.
App. 1999). 

 However, appellant's general notice of appeal did not comply with
Texas Rule of Appellate Procedure 25.2(b)(3) because it neither specified
that the appeal was for a jurisdictional defect, that the appeal was
raised by written motion and ruled on before trial, nor that the trial court
had given permission to appeal. See Tex. R. App. P. 25.2(b)(3);(2) see also
Rodriquez, 972 S.W.2d at 140 (holding Rule 40(b)(1) [now Tex. R. App.
P. 25.2(b)(3)] applies to a defendant's appeal from an adjudication of
guilt after being placed on deferred adjudication). Thus, we do not have
jurisdiction to consider appellant's appeal of the sentence imposed by
the trial court. 

 Even if appellant's notice of appeal had complied with rule
25.2(b)(3), his complaint concerning assessment of punishment is
without merit. "[O]nce a defendant is adjudicated guilty, the
community supervision ordered as part of the deferred adjudication, has
no effect upon any subsequent punishment the court may order." 
Keeling, 929 S.W.2d at 145 (citing McNew v. State, 608 S.W.2d 166,
176-77 (Tex. Crim. App. 1978)); Dunn, 997 S.W.2d at 892-93.

 We have no authority to review either the adjudication of guilt or
the imposition of sentence in this case. This appeal is therefore
dismissed for want of jurisdiction.


 ____________________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish. 

TEX. R. APP. P. 47.3.


Opinion delivered and filed 

this the 1st day of June, 2000.

 

1. See Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon 1994).
2. Texas Rule of Appellate Procedure 25.2(b)(3) provides that, when appealing
from a guilty plea where punishment does not exceed the plea agreement, the
defendant's notice of appeal must:


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or


 (C) state that the trial court granted permission to appeal.


Tex. R. App. P. 25.2(b)(3).