Lee Aulton Jones v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-123-CR

Â Â Â Â Â LEE AULTON JONES,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court Nos. 95-054-CR, 95-055-CR and 95-056-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Lee Aulton Jones pleaded guilty to three counts of theft over fifteen-hundred dollars and under
twenty-thousand dollars in November 1996. The court sentenced him to two yearsâ imprisonment,
suspended imposition of sentence and placed him on community supervision for five years. The
court revoked Jonesâs community supervision in March 2000 and sentenced him to two yearsâ
imprisonment on each cause. Jones complains in two points that: 1) the trial court erred by
improperly ordering that trial court cause nos. 95-054-CR and 95-055-CR run consecutively; and
2) the State failed to prove the allegations in the motion to revoke by a preponderance of the
evidence. 
Â Â Â Â Â Â Texas Penal Code section 3.03 states that âwhen the accused is found guilty of more than one
offense arising out of the same criminal episode prosecuted in a single criminal actionâ then,
notwithstanding the exceptions listed, the sentences shall run concurrently. Tex. Pen. Code Ann.
Â§ 3.03(a) (Vernon Supp. 2001). One definition of âsame criminal episodeâ is the commission of
two or more offenses where the offenses are the repeated commission of the same or similar
offense. See Tex. Pen. Code Ann. Â§ 3.01(2) (Vernon 1994). A defendant is prosecuted in a
âsingle criminal actionâ whenever the allegations and evidence of more than one offense arising
out of the same criminal episode are presented in a single trial or plea proceeding. See LaPorte
v. State, 840 S.W.2d 412, 415 (Tex. Crim App. 1992). The trial court is prohibited from
ordering consecutive sentences when the defendant is prosecuted for more than one offense in a
single criminal action. Id.
Â Â Â Â Â Â It is clear from the record that Jonesâs three theft offenses arose out of the same criminal
episode. It is also clear that Jones was prosecuted in a single criminal action. At the plea
proceeding on trial court cause nos. 95-054-CR, 95-055-CR and 95-056-CR, the trial court
accepted a single plea of guilty, sentenced Jones to two yearsâ imprisonment on each cause,
suspended sentence and placed him on community supervision for five years for each offense
alleged. The State concedes that the cumulation order was improper and agrees that the charged
offenses arose from the same criminal episode and were prosecuted in a single plea proceeding. 
Point one is sustained.
Â Â Â Â Â Â Jones argues in his second point that the trial court improperly revoked his community
supervision because the evidence presented by the State at the hearing on the motion to revoke is
insufficient to prove the fifteen allegations by a preponderance of the evidence. However,
evidence of a single violation will support a courtâs decision to revoke community supervision. 
See Dunn v. State, 997 S.W.2d 885, 887 (Tex. App.âWaco 1999, pet. refâd.). We need consider
only whether the State adduced sufficient proof of any one violation.
Â Â Â Â Â Â Although, the State alleged fifteen elements in its motion to revoke, we will focus only on
allegation eight, driving while license suspended. The State introduced certified copies of Jonesâs
driving record which indicated that his license was revoked for delinquent child support, effective
August 4, 1999. His license had not been reinstated at the time of certification, February 2, 2000. 
Jones argues that he could not be prosecuted for driving while license suspended because he did
not receive actual notice of revocation. The Transportation Code provides that lack of actual
notice of the revocation is an affirmative defense to the prosecution of the offense of driving while
license suspended. However, notice is presumed when the State mails the notice in accordance
with the law. See Tex. Transp. Code Ann. Â§ 521.457 (Vernon Supp. 2001). The State
introduced a certified copy of the certificate of mailing indicating that notice of revocation was
sent on August 10, 1999 in accordance with the law. Officer Thomas Echartea testified that he
witnessed Jones driving on January 19, 2000 in Fairfield, Texas. He testified that he stopped
Jones based on prior knowledge that Jonesâs license had been revoked. Jones failed to produce
any evidence to counter the presumption of notice under section 521.457. Therefore, we find that
the proof adduced by the State on the offense of driving while license suspended is sufficient to
support the revocation of Jonesâs community supervision. Point two is overruled.
Â Â Â Â Â Â Accordingly, we modify the judgments in trial court cause nos. 95-054-CR and 95-055-CR
to delete the cumulation order. We affirm the judgment as modified. See Tex. R. App. P.
43.2(b).Â 



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â REX D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Judgment modified and affirmed as modified
Opinion delivered and filed August 29, 2001
Do not publish



relevant apart from showing
character conformity by demonstrating the deceased's intent, motive, or state
of mind.  See Hayes v. State, 161 S.W.3d 507 (Tex. Crim. App.
2005); Tate v. State, 981 S.W.2d 189 (Tex. Crim. App. 2003); Torres
v. State, 71 S.W.3d 758 (Tex. Crim. App. 2002).Â  But these cases are
inapposite.Â  Moore did not seek to introduce evidence of specific, violent
acts.Â  He wanted to introduce evidence of prior drug use and drug possession.
There is nothing in the record that connects the possession and use of
marijuana and cocaine to HillÂs alleged violent acts or that he was the first
aggressor.Â  The proffered testimony is irrelevant, and the trial court did not
abuse its discretion in excluding it.Â  Having determined the proffered evidence
was not relevant, we need not review MooreÂs complaints under Rules of Evidence
403 or 404.Â  MooreÂs second and third issues are overruled.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having overruled each issue, we affirm
the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna

Â Â Â Â Â Â Â Â Â Â Â  (Justice
Vance concurs in the judgment)

Affirmed

Opinion
delivered and filed December 5, 2007

Do
not publish

[CRPM]