**Michael Bradley THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–265–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 2001.

John S. Gilmore, Jr., Gilmore & Granberry, Corpus Christi, for Appellant.

George P. Morrill, II, Dist. Atty., Beeville, for the State.

Before Chief Justice VALDEZ and Justices YAÑEZ and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Michael Bradley Thomas, appellant, was indicted for the offense of burglary of a habitation on December 18, 1987. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 926–27 (amended 1993) (current version at TEX. PEN.CODE ANN. § 30.02 (Vernon Supp.2001)). On January 20, 1988, appellant pleaded guilty, the trial court deferred adjudication, and placed appellant on probation for eight years.

In 1993, the trial court adjudicated appellant guilty, revoked his probation, and sentenced him to confinement for ten years. Appellant applied for probation, and on February 23, 1994, the trial court suspended appellant's sentence and placed him on probation for a period of ten years.

Thereafter, the State filed a motion to revoke probation, and the trial court held a hearing on the motion on March 22, 2000, at which time appellant pleaded true to the allegations in the motion. The trial court revoked appellant's probation and sentenced him to eight years confinement on April 20, 2000.

By a single issue, appellant contends that the trial court entered an unauthorized and void probation sentence in 1994, and that the trial court's subsequent revocation of probation and imposition of sentence was void. As appellant notes, section 3 of article 42.12 of the code of criminal procedure allows a maximum probation sentence of ten years. *See* Act of May 29, 1989, 71st Leg.,. R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3498–99 (amended 1993) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, 3(b) (Vernon Supp.2001)). Because the trial court initially placed appellant on deferred adjudication probation in 1988, appellant argues that a ten year probation sentence in 1994 exceeded the ten year limit, in that it would end in 2004, some sixteen years after appellant was initially placed on probation. To the extent that it exceeded the maximum term for probation, appellant contends the 1994 probation sentence was void. Furthermore, he maintains his current sentence of confinement, based on the revocation of an illegal probation sentence, is void because the trial court entered the sentence after the expiration of the authorized ten year period.

 In his brief, appellant failed to distinguish between deferred adjudication probation and regular probation. In 1994, when the trial court revoked appellant's probation, having already adjudicated him guilty, section 3 of article 42.12 of the code of criminal procedure permitted a trial court to place a defendant on probation "where the maximum punishment assessed against the defendant does not exceed ten years imprisonment." Act of May 29,

1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3498–99 (amended 1993) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, 3(b) (Vernon Supp. 2001)). Section 3 further provided that the term of probation could be no more than ten years. *Id.* Because section 3 was limited to instances in which punishment had already been assessed, however, it did not, by its own terms, apply to deferred adjudication probation. *See Dunn v. State,* 997 S.W.2d 885, 888 (Tex.App.—Waco 1999, pet. ref'd) (citing *Davis v. State,* 968 S.W.2d 368, 371 (Tex.Crim.App. 1998)).

The code of criminal procedure, in a separate section, also provided for, and still provides for, a maximum sentence of ten years probation in cases of deferred adjudication probation. Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572 (amended 1981) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp.2001)). It further provided, and still provides, that "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." *Id.*

In *Dunn v. State,* 997 S.W.2d 885 (Tex. App.—Waco 1999, pet. ref'd), our sister court encountered the same argument made here by appellant. There, the appellant complained that his probation sentence imposed after revocation, when combined with his deferred adjudication probation, exceeded the ten year maximum in violation of article 42.12, section 3. *Id.* at 888. The court concluded that "article 42.12, section 3 by its own terms does not apply to deferred adjudication probation." *Id.* The court then explained that because the code of criminal procedure provides that after an adjudication of

guilt, all proceedings, including granting of probation and assessment of punishment continue as if adjudication of guilt had not been deferred, "upon an adjudication of guilt, a trial court may proceed to assess punishment as if the prior proceeding placing a defendant on deferred adjudication probation had not occurred." *Id.* at 890–91 (citing *Keeling v. State,* 929 S.W.2d 144, 145 (Tex.App.—Amarillo 1996, no pet.)). "At that point, the trial court can place the defendant on probation or sentence him to imprisonment as warranted by the evidence and the sentence actually assessed and without regard to the length of time the defendant previously served on deferred adjudication probation." *Id.* (citing TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *Keeling,* 929 S.W.2d at 145). Therefore, the court held that the probation sentences were not illegal, and that the prison sentences arising from the revocation of those probations were not void. *Id.* at 891.

The Amarillo Court of Appeals also confronted a similar issue and held that "community supervision imposed upon a defendant before adjudication of guilt cannot be added to that ordered after adjudication to derive a sum exceeding ten years." *Keeling,* 929 S.W.2d at 145.

Like our sister courts, we hold that a defendant who has served a deferred adjudication probation may be placed on adjudicated probation without regard to the length of time previously served on the deferred probation. As such, the trial court was authorized to place appellant on probation for ten years beginning in 1994. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3498–99 (amended 1993) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, 3(b) (Vernon Supp.2001)). Correspondingly, the trial court was entitled to revoke appellant's adjudicated probation in 2000,

as this date was within the authorized ten year sentence. Accordingly, appellant's sole issue is overruled.

The judgment of the trial court is AFFIRMED.