Opinion filed May 12, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00362-CR

                                                    __________

 

                                ROBERT
LOUIS JONES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR24254

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Pursuant to a plea agreement, Robert Louis Jones pleaded guilty on August 6, 1998, to the
state jail felony offense of possession of cocaine.  The trial court deferred a
finding of guilt and placed appellant on deferred adjudication community
supervision for a term of five years.   On January 23, 2003, the trial court
modified appellant’s initial term of deferred adjudication community
supervision by extending it for an additional four years until August 6, 2007. 
On June 1, 2004, the trial court revoked appellant’s deferred adjudication
community supervision and adjudicated him guilty of the charged offense.  The
trial court assessed his punishment at confinement in the State Jail Division
of the Texas Department of Criminal Justice for a term of two years.  However,
the trial court suspended the imposition of confinement by placing appellant on
community supervision for a period of five years.  On October 23, 2006, the
trial court extended appellant’s five-year term of community supervision for an
additional year until June 1, 2010.[1]

            On
April 20, 2010, the State filed a motion to revoke appellant’s community
supervision, alleging multiple violations of the terms and conditions of
community supervision.  The trial court heard the motion to revoke on October
19, 2010.  Appellant pleaded “true” to three of the violations alleged by the
State.  After conducting a hearing on the other alleged violations, the trial
court found most of the alleged violations to be true, including the three that
appellant admitted as being true.  The trial court revoked appellant’s term of
community supervision and assessed his punishment at confinement in the State
Jail Division of the Texas Department of Criminal Justice for a term of fifteen
months.  We dismiss the appeal.

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel’s brief.  Court-appointed counsel has complied with the
requirements of Anders v. California, 386 U.S. 738 (1967); In re
Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v.
State, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant
has filed a pro se response to counsel’s motion to withdraw and supporting
brief.  In addressing an Anders brief and pro se response, a court of
appeals may only determine (1) that the appeal is wholly frivolous and issue an
opinion explaining that it has reviewed the record and finds no reversible
error or (2) that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues.  Schulman,
252 S.W.3d 403; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005).

            Following the procedures outlined in Anders and Schulman,
we have independently reviewed the record, and we agree that the appeal is
without merit and should be dismissed.  Schulman, 252 S.W.3d at 409.  In
this regard, a plea of true standing alone is sufficient to support a trial court’s
decision to revoke community supervision.  See Moses v. State, 590
S.W.2d 469, 470 (Tex. Crim. App. 1979). 

We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of this court seeking review
by the Texas Court of Criminal Appeals.  Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex. R. App. P. 68.  

The
motion to withdraw is granted, and the appeal is dismissed.  

 

 

                                                                                                            PER
CURIAM

            

May 12, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









                [1]Appellant’s
term of deferred adjudication community supervision running from August 6,
1998, until June 1, 2004,  has no effect on his subsequent term of “regular”
community supervision imposed on June 1, 2004, with respect to the ten-year
maximum for a term of community supervision set out in Tex. Code Crim. Proc. Ann. art. 42.12, § 3(b) (Vernon Supp.
2010). Keeling v. State, 929 S.W.2d 144, 145 (Tex. App.—Amarillo 1996,
no pet.) (“[W]e conclude that the community supervision imposed upon a
defendant before an adjudication of guilt cannot be added to that ordered after
adjudication to derive a sum exceeding ten years.”); see Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2010).  





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.