**Opinion filed May 12, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00362-CR
_____

## ROBERT LOUIS JONES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR24254**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Robert Louis Jones pleaded guilty on August 6, 1998, to the state jail felony offense of possession of cocaine. The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of five years. On January 23, 2003, the trial court modified appellant's initial term of deferred adjudication community supervision by extending it for an additional four years until August 6, 2007. On June 1, 2004, the trial court revoked appellant's deferred adjudication community supervision and adjudicated him guilty of the charged offense. The trial court assessed his punishment at

confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. However, the trial court suspended the imposition of confinement by placing appellant on community supervision for a period of five years. On October 23, 2006, the trial court extended appellant's five-year term of community supervision for an additional year until June 1, 2010.[1]

On April 20, 2010, the State filed a motion to revoke appellant's community supervision, alleging multiple violations of the terms and conditions of community supervision. The trial court heard the motion to revoke on October 19, 2010. Appellant pleaded "true" to three of the violations alleged by the State. After conducting a hearing on the other alleged violations, the trial court found most of the alleged violations to be true, including the three that appellant admitted as being true. The trial court revoked appellant's term of community supervision and assessed his punishment at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of fifteen months. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's motion to withdraw and supporting brief. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the

---

[1]Appellant's term of deferred adjudication community supervision running from August 6, 1998, until June 1, 2004, has no effect on his subsequent term of "regular" community supervision imposed on June 1, 2004, with respect to the ten-year maximum for a term of community supervision set out in TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(b) (Vernon Supp. 2010). *Keeling v. State*, 929 S.W.2d 144, 145 (Tex. App.—Amarillo 1996, no pet.) ("[W]e conclude that the community supervision imposed upon a defendant before an adjudication of guilt cannot be added to that ordered after adjudication to derive a sum exceeding ten years."); s*ee* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010).

cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d 403; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of this court seeking review by the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM

May 12, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.