11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael Eugene McCoy

Appellant

Vs.                   No.
11-01-00182-CR  B Appeal from Nolan County

State of Texas

Appellee

 

                                                             Memorandum
Opinion

Michael
Eugene McCoy entered a plea of Aguilty@ to the offense of knowingly delivering more
than one gram of cocaine (within 1,000 feet of a playground) on November 2,
1999.  The jury assessed his punishment
at confinement for 75 years and a fine of $10,000.  We affirm the conviction.

                                                                   Points
of Error

There is
no challenge to the sufficiency of the evidence.  Appellant presents three points of error.  First, he argues in Point of Error No. 1
that the sentence was Agrossly
disproportionate to the facts@ and that this violated his rights under the Eighth Amendment[1]
and his rights under the Texas Constitution.[2]  Then, appellant=s court-appointed appellate lawyer argues in
Points of Error Nos. 2 and 3 that his court-appointed trial lawyer rendered Aineffective assistance@ of counsel during both phases of trial.

                                                                    The
Sentence

Cocaine is
listed in APenalty Group 1@ in the Texas Controlled Substances Act.[3]  Section 481.112 of the Act provides that a
person convicted of delivering Aone gram or more but less than four grams@ of a controlled substance listed in Penalty Group 1 shall be punished
for a felony of the second degree; however, Section 481.134 of the Act provides
that, if the delivery is in a Adrug-free zone,@ the person convicted shall be punished for a felony of the first
degree. 

TEX. PENAL
CODE ANN. ' 12.32 (Vernon 1994) provides that a person
convicted of a first degree felony shall be punished by imprisonment Afor life or for any term of not more than 99
years or less than 5 years@ and an optional fine Anot to exceed $10,000.@  The jury assessed the
punishment in this case, and the verdict was within the range authorized by the
statutes which had been adopted by the legislature.   

This court
discussed a similar claim, that the punishment was Aunconstitutionally disproportionate@ to the offense in Bradfield v. State, 42
S.W.3d 350, 353 (Tex.App. - Eastland 2001, pet=n ref=d):

The Eighth
Amendment prohibits punishments that are Agrossly disproportionate@ to the offense for which the defendant has been convicted.  Harmelin v. Michigan, 501 U.S. 957, 111
S.Ct. 2680, 115 L.Ed.2d 836 (1991); McGruder v. Puckett, 954 F.2d 313 (5th
Cir.), cert. den=d, 506 U.S. 849, 113
S.Ct. 146, 121 L.Ed.2d 98 (1992); Hicks v. State, 15 S.W.3d 626 (Tex.App. -
Houston [14th Dist.] 2000, pet=n ref=d); Hernandez v. State, 10 S.W.3d 812
(Tex.App. - Beaumont 2000, pet=n filed); Dunn v. State, 997 S.W.2d 885 (Tex.App. - Waco 1999, pet=n ref=d); Jackson v. State, 989 S.W.2d 842 (Tex.App. - Texarkana 1999, no pet=n). 
The reviewing court must first compare the gravity of the offense with
the severity of the sentence.  Harmelin
v. Michigan, supra; McGruder v. Puckett, supra; Hicks v. State, supra;
Hernandez v. State, supra; Dunn v. State, supra; Jackson v. State, supra.

 

The record
does not reflect that appellant=s...sentence is grossly disproportionate to the offense....Therefore,
under the applicable case law, we do not compare the sentences received in
similar crimes or the sentences received in other jurisdictions.

 

The record
in this case shows that appellant sold cocaine to a cooperating individual
while the transaction was recorded on videotape.  The purchaser and the undercover narcotics officer both
testified, and there was testimony about other sales of cocaine by appellant
before and after the transaction shown on the videotape.  The sentence was not grossly
disproportionate to the offense.  Point
of Error No. 1 is overruled.

 








                                                              Assistance
of Counsel

This court
takes Ajudicial notice@ under TEX.R.EVID. 201(c) and 201(f) that appellant=s court-appointed trial counsel was licensed
to practice law in 1973, is a ABoard-Certified Civil Trial Lawyer,@ is a AFellow@ of the Texas Bar Foundation, and is a former President of the Nolan
County Bar Association.  The record also
shows that appellant=s
lawyer was faced with a difficult situation. 
The offense for which appellant had been indicted was shown on
videotape, and the purchaser of the drugs was a Acooperating individual@ who was prepared to testify for the State.  Moreover, the State had proof of cocaine sales by appellant, both
before and after the one for which he was tried.  The record shows that the court-appointed trial lawyer put on
proof that appellant was eligible for probation and testimony by several
witnesses that he was a good candidate for probation. 

The
standard for reviewing claims of Aineffective assistance@ of counsel is clearly set forth in Strickland v. Washington, 466 U.S.
668 (1984).  Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App.1999), makes it clear that the Anow familiar two-prong Strickland test@ applies to all criminal proceedings in
Texas.  The Supreme Court also said in
Strickland v. Washington, 466 U.S. at 689:

Judicial
scrutiny of counsel=s
performance must be highly deferential. 
It is all too tempting for a defendant to secondguess counsel=s assistance after conviction or adverse
sentence, and it is all too easy for a court, examining counsel=s defense after it has proved unsuccessful,
to conclude that a particular act or omission of counsel was
unreasonable....Because of the difficulties inherent in making the evaluation, a
court must indulge a strong presumption that counsel=s conduct falls within the wide range of
reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,
the challenged action Amight
be considered sound trial strategy.@...Even the best criminal defense attorneys would not defend a
particular client in the same way. 
(Emphasis added)

 

Appellant
has not shown that his trial counsel=s conduct was ineffective. 
Appellant has not Aidentified acts or omissions [by his trial counsel which] were outside
the wide range of professionally competent assistance.@  See
Strickland v. Washington, supra at 690. 
Moreover, appellant has not shown that, Abut for@ his counsel=s performance, Athe result@ of
the trial would have been different. 
Hernandez v. State, supra at 770 n.3. 
Points of Error Nos. 2 and 3 are overruled.

 








                                                             This
Court=s Judgment

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

May 9, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and Dickenson, S.J.[4]












[1]U.S. CONST. amend. VIII provides:  AExcessive
bail shall not be required, nor excessive fines imposed, nor cruel and unusual
punishments inflicted.@





[2]TEX. CONST. art. I, ' 13
provides in part:  AExcessive bail shall not be required, nor excessive
fines imposed, nor cruel or unusual punishment inflicted.@





[3]See TEX. HEALTH & SAFETY CODE ANN. ' 481.102 (Vernon Pamph. Supp. 2002).  All references to Asections@ in this opinion
refer to that code unless otherwise noted.





[4]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.