Michael Glenn Melton v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-167-CR

     MICHAEL GLENN MELTON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 8924-A
                                                                                                                
                                                                                                         
O P I N I O N
 

      This appeal is from an order revoking community supervision. Michael Glenn Melton
(“Melton”) contends: (1) that his due process rights were violated because he was not afforded a
neutral and detached hearing body; and (2) that the court abused its discretion in revoking his
community supervision. We will affirm.
FACTS
      On May 20, 1998, Melton pled guilty to the offense of theft of fifteen hundred dollars or more
but less than twenty thousand dollars. He was sentenced to two years in a state jail facility, but
imposition of this sentence was suspended and he was placed on community supervision for five
years.


 After serving a one-year term in a state-jail facility on an unrelated conviction, Melton’s
community supervision began in August 1999. On September 25, 2000, a motion to revoke was
filed alleging that Melton had: (1) failed to report to the community supervision corrections
department for the months of April, May, June, July, and August, 2000; (2) failed to work
community service restitution as directed by the court; (3) failed to pay community supervision
fees for the months of November 1999 through August 2000 for a total of $285; (4) failed to pay
court costs in the amount of $147.50; and (5) failed to pay restitution, delinquent in the amount
of $5,452.50.
Were Melton’s Due Process Rights Violated?
      Melton contends that the trial court departed from its role as a neutral and detached hearing
body by questioning a witness during his revocation hearing, thereby violating his right to due
process of law. At the hearing on his probation revocation, Melton offered the testimony of
Robert Eugene Stone, a supervisor with McLennan County Tile Company. Stone testified that
McLennan County Tile Company would be performing work at the Fort Hood army installation
for the following two-year period and that if Melton were released on probation, Stone would hire
him as a general laborer. After Stone was cross-examined by the State, the court posed several
of its own questions to him.
COURT:Does . . . he get any benefits with your company? I mean, like health
insurance and stuff like that?
 
STONE:Well, after they’re - - you’re there like six months, you’re eligible to go
through an insurance plan.
 
COURT:And your company doesn’t do criminal backgrounds on the people you
hire?
 
STONE:Well, I’ve - - I’ve got a guy working downstairs.
 
COURT:[H]e testified that he can’t get a job because of his criminal background. 
As a supervisor, do you have the authority to say that it doesn’t make any
difference what [ ] his criminal background is?
 
STONE:It don’t make no difference; as long as he works.
 
COURT:Okay. But if you’re working at Fort Hood, do you have - - do you know
what your contractual arrangement with Fort Hood or whatever agency
there is regarding people that work for you?
 
STONE:No.
 
COURT:Okay. And one last question, then. . . [I]f he were to go to the state jail,
when he concludes his time in state jail, will . . . you be available to hire
him?
 
STONE:Yeah.

      Melton did not object to the court’s conduct at trial. Therefore, he has waived this complaint. 
Tex. R. Evid. 103(a); Tex. R. App. P. 33.1; Brewer v. State, 572 S.W.2d 719, 721 (Tex. Crim.
App. 1978). Moreover, it is clear from the record that the court’s questions were for the purpose
of clarifying an issue before it and that the court during such questioning maintained an impartial
attitude. Brewer, 572 S.W.2d at 721.
Did the Trial Court Abuse Its Discretion?
      We now turn to Melton’s two abuse-of-discretion issues. Melton asserts that the trial court
abused its discretion in revoking his community supervision because (1) the State did not prove
he violated the conditions of his community supervision by a preponderance of the evidence and
(2) the oral terms of his community supervision were too vague to be complied with. The burden
of proof in a probation revocation hearing is a preponderance of the evidence. Cobb v. State, 851
S.W.2d 871, 874 (Tex. Crim. App. 1993). In other words, the State must prove that the greater
weight of credible evidence would create a reasonable belief that the defendant has violated a
condition of his probation. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1975). 
Our review of revocation proceedings is limited to determining whether the trial court abused its
discretion in revoking probation. McDonald v. State, 608 S.W.2d 192, 199 (Tex. Crim. App.
1980); Dunn v. State, 997 S.W.2d 885, 887 (Tex. App.—Waco 1999, pet. ref'd). A court does
not abuse its discretion in revoking probation if one violation is proven. Id.
      In its motion to revoke, the State alleged that Melton failed to report to community
supervision during the months of April, May, June, July, and August, 2000. Paul Francis,
Melton’s probation officer, testified at the hearing that Melton did not report from April 2000 to
August 2000. He said there were no notes or report forms in Melton’s file from that time period. 
He did not remember Melton calling or writing him, nor did he receive any telephone messages
from Melton during those months. However, he said that on May 25, 2000, Melton’s daughter
called to say he was too sick to report in person. In response to her phone call, Officer Francis
made a home visit on May 30, but Melton was not there.
      Melton testified he was unable to report in person between April 2000 and August 2000
because his diabetes was out of control and left him too dizzy and fatigued to do so. Yet, when
asked if he had been too sick to do community service restitution, he replied, “If they would have
scheduled it, I would - - I would have did it.” In addition, Melton said that he called Officer
Francis in April, June, and July 2000, but Officer Francis was not there on any occasion. He said
that his daughters handled everything for him, and that one of his daughters called Officer Francis
in April or May and in August, each time in his presence. He also said that he was at the
Veterans’ Administration Hospital in Waco on May 30 when Officer Francis came to visit.
      It is well-settled that in a proceeding to revoke community supervision, the trial court is the
sole trier of facts, the credibility of the witnesses, and the weight to be given their testimony. 
Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980). In addition, the court of appeals
must view the evidence in the light most favorable to the order. See Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. 1981). Because Melton’s testimony conflicted with that of Officer
Francis, we conclude that the court found Officer Francis’s testimony more credible. Further, we
find that Officer Francis’s testimony created a reasonable belief that Melton failed to report. 
Scamardo, 517 S.W.2d at 298. Because we find that the State proved one violation of community
supervision, we hold that the court did not abuse its discretion in revoking Melton’s community
supervision. Dunn, 997 S.W.2d at 887. Therefore, we need not address the other allegations or
Melton’s argument regarding the vagueness of the oral terms of his probation. Accordingly,
Melton’s abuse-of-discretion issues are overruled.
CONCLUSION
      Having overruled all of Melton’s issues, we affirm the order of the trial court.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
Affirmed
Opinion delivered and filed October 30, 2002
Do not publish
[CRPM]