Opinion filed July 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed July 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00322-CR 

                                                    __________

 

                                  ROBBY
LYNN FOLSOM, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 90th District Court

 

                                                       Stephens County, Texas

 

                                                    Trial
Court Cause No. 29992

 



 

                                                                   O
P I N I O N

The trial court convicted Robby Lynn Folsom, upon
his plea of guilty, of theft.   A plea
bargain agreement as to punishment was not entered.  The State did agree not to pursue two other
cases against appellant.  After a
presentence investigation report was prepared, the trial court sentenced him to
confinement for a term of sixteen months and a fine of $1,000.  We affirm.

                                                      Issue
Presented








In his sole issue on appeal, appellant argues that
his sentence Aviolated
his rights@ as
guaranteed under U.S. Const.
amend. VIII and Tex. Const. art.
I, ' 13 because the  sentence Ais
disproportionate to his crime.@  Specifically, appellant contends that sixteen
months is a Agrossly
disproportionate sentence@
for his part in the offense.

                                                                  Applicable
Law

The Eighth Amendment prohibits punishments that
are Agrossly
disproportionate@ to the
offense for which the defendant has been convicted.  Harmelin v. Michigan, 501 U.S. 957
(1991);  McGruder v. Puckett, 954
F.2d 313 (5th Cir. 1992); Bradfield v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d); Hicks v. State, 15 S.W.3d
626 (Tex. App.C Houston
[14th Dist.] 2000, pet. ref=d);
Hernandez v. State, 10 S.W.3d 812 (Tex. App.CBeaumont
2000, pet. ref=d); Dunn
v. State, 997 S.W.2d 885 (Tex. App.CWaco
1999, pet. ref=d); Jackson
v. State, 989 S.W.2d 842 (Tex. App.CTexarkana
1999, no pet.).  The reviewing court must
first compare the gravity of the offense with the severity of the
sentence.  Bradfield, 42 S.W.3d at
353.

                                                              Evidence
Presented

Appellant executed a written judicial confession
admitting that he committed the offense of theft as alleged in the
indictment.  In open court, the trial
court admonished appellant and accepted his plea of guilty to the offense.

At the punishment phase, the State introduced the
statement of Tracey Ann Folsom, appellant=s
wife.  Tracey also testified on behalf of
appellant.  Both in her statement and in
open court, Tracey said that she and her brother stole the toolbox containing
micrometers and other tools.  In her
statement, Tracey said , A[Appellant]
didn=t know
anything about the burglary until we [Tracey and her brother] showed up at the
house.@  During cross-examination at the hearing,
Tracey first testified that appellant did not know that the toolbox had been
stolen.  When confronted with her prior
written statement, Tracey testified that appellant Aprobably
assumed@ the
toolbox was stolen and that she Aguess[ed]@ he knew that the toolbox was stolen.

Homer J. Brown testified that Tracey had told him
about some tools they were selling for rent money.  Brown talked to appellant about buying the
tools, and the tools were at appellant=s
house. Brown purchased two sets of micrometer calipers for his father.








Brown testified that Tracey=s
father unlocked the door to Tracey and appellant=s
bedroom, pulled the toolbox out from underneath their bed, and took the items
out of the box.  Brown took the
micrometers to his father who decided to purchase them.  Brown=s
father wrote a receipt for the items; appellant signed the receipt; and Brown
gave appellant the money.  The State
introduced the receipt into evidence.

                                                                Sentence
Assessed

The record does not reflect that the sentence is Agrossly disproportionate@ to the offense.  Appellant admitted that he did Aunlawfully appropriate, by acquiring or
otherwise exercising control over@
the property in question as alleged in the indictment.  Brown testified that appellant discussed the
sale of the micrometers and that appellant signed the receipt.

The trial court assessed a sentence that was
within the range of punishment authorized by Tex.
Pen. Code Ann. '
12.35 (Vernon 2003).[1]   A penalty assessed within the range of
punishment established by the legislature will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d 809 (Tex.
Crim. App. 1984); Bradfield, 42 S.W.2d at 354.  Appellant=s
issue is overruled.

                                                                                    This
Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

July 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

Strange,
J., and Dickenson, S.J.[2]











[1]Section 12.35 provides that a person convicted of a
state jail felony shall be confined for a period of not more than two years but
not less than 180 days.  An optional fine
not to exceed $10,000 is also authorized.





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.