Opinion filed December 14, 2006 

















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00188-CR 

 

                                                    __________

 

                              ANTHONY JOHN CARUFEL, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 350th District Court

                                                          Taylor
County, Texas

                                                   Trial
Court Cause No. 7677-D

 



 

                                                                   O
P I N I O N

The
trial court convicted Anthony John Carufel, upon his plea of guilty, of the
aggravated sexual assault of his severely disabled stepdaughter.  The trial court assessed punishment at confinement
for sixty years.  We affirm.

                                                                  Issue
on Appeal

In his
sole issue on appeal, appellant contends that his sentence is grossly
disproportionate to the offense. 
Therefore, appellant argues that the improper sentence violated his
constitutional rights.








                                                              Standard
of Review

The
Eighth Amendment of the United States Constitution prohibits punishments that
are Agrossly disproportionate@to the offense for which the defendant has
been convicted. Harmelin v. Michigan, 501 U.S. 957 (1991); McGruder
v. Puckett, 954 F.2d 313 (5th Cir. 1992); Bradfield v. State, 42
S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d); Hicks v. State, 15 S.W.3d 626
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); Hernandez v. State, 10 S.W.3d
812 (Tex. App.C 
Beaumont 2000, pet. ref=d); Dunn v. State, 997 S.W.2d 885
(Tex. App.CWaco 1999, pet. ref=d); Jackson v. State, 989
S.W.2d 842 (Tex. App.CTexarkana
1999, no pet.).  The reviewing court must
first compare the gravity of the offense with the severity of the sentence.  Bradfield,
42 S.W.3d at 353.

                                                                     The
Offense

The record before this court reflects that
appellant first met the victim=s
mother in 2000 or 2001 and that the couple married in August 2003.  Three months before the marriage,  the victim was struck by a Ford Bronco as she
walked along a road with two friends. 
She was fourteen years old at the time. 
The victim was severely injured. 
She lost the ability to move her limbs, to speak, to eat, and to control
her bladder or bowels.  Between
twenty-five and thirty percent of her brain was Are-absorbed.@ 
A G-tube was inserted into her stomach to feed her.  The victim could only communicate by blinking
her eyes when asked yes and no questions. 
However, her caregivers were able to determine from her facial
expressions whether she was upset or in pain.

At the time of the sexual assault, the victim
required constant care.  The family had
special equipment in the home and received seventy hours of in-home nursing
care a week.  On July 28, 2005, the
victim=s mother
voluntarily checked herself into the Abilene
 Psychiatric Center
for treatment of depression leaving the seventeen-year-old victim in appellant=s care.

Early in the morning of July 30, 2005, the in-home
care nurse noticed that the victim had some vaginal bleeding.  The victim was taken by ambulance to the
hospital where a sexual assault exam was performed.  There was a laceration in her vagina, and
bodily fluids were recovered.








When police officers first confronted appellant,
he denied assaulting the victim and mentioned that there were two boys B one of whom was his son B that had been around the victim.  After he was informed that there would be DNA
testing on the bodily fluids recovered from the victim, appellant gave a
statement in which he admitted digitally penetrating the victim with two
fingers.  Appellant further stated that
he and the victim=s mother
had not been intimate for Asome
time@ and that
he had begun to masturbate when he went into the victim=s
room and removed her diaper.  He continued
to masturbate with his right hand.  After
he ejaculated, he inserted two fingers on his right hand into the victim=s vagina.  Appellant 
stated, AShe
apparently woke up and had a look on her face. 
She [could not] talk and I didn=t
say anything to her.@  Appellant described how he Acleaned@
the victim up, replaced her diaper, started her feeding pump, and left the
room. Appellant told the morning nurse that the victim might be having some
cramping and was having her period. 
Appellant stated that he said this to Atry
and cover@ himself
and that he then left for his job as a correctional officer at the Robertson
Unit.

After the assault, male voices caused the victim=s heart rate to Askyrocket.@ 
The victim had night terrors, and her seizures increased in frequency
and severity.  The victim would wake up,
and her eyes would Abe
silver-dollar size.@  When asked if she had had a bad dream, she
would blink yes. When asked if the dream was about her accident, she would
blink no.  When asked if her dream was
about appellant, she would blink yes. 
The number of in-home nursing care hours was increased to eighty-five
hours a week.

The record also reflects that, while appellant was
awaiting trial on the assault, he burglarized a salvage yard and stole 600
pounds of copper.  Appellant cooperated
with law enforcement officers and indicated that he had stolen the copper to Amake money just in case he went to
prison.@

                                                                    The
Sentence

Tex. Pen.
Code Ann. ' 22.021
(Vernon Supp. 2006) defines the offense of aggravated sexual assault and
declares it to be a first degree felony. 
The punishment range for a first degree felony is confinement for life
or a term of five to ninety-nine years and an optional fine not to exceed
$10,000.  Tex. Pen. Code Ann. '
12.32 (Vernon 2003).  The trial court
assessed a sentence for confinement for sixty years B
a term within the range of punishment authorized.

                                                                     Conclusion








The
record does not support appellant=s contention that his sentence is grossly
disproportionate.  Moreover, a sentence
assessed within the range of punishment established by the legislature will not
be disturbed on appeal. Jackson
v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield, 42
S.W.3d at 354.  Appellant=s issue is overruled.

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

December 14, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.