Opinion filed March 29, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00231-CR 

                                                    __________

 

                                     DALE MERRIFIELD, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR29934

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment revoking
community supervision.  The trial court
originally convicted Dale Merrifield, upon his plea of guilty, of the offense
of credit card abuse and assessed his punishment at confinement for two years
in a state jail facility and a $1,000 fine. 
Pursuant to the plea bargain agreement, the trial court suspended the
imposition of the sentence and placed appellant on community supervision for
four years.  At the hearing on the State=s second amended motion to revoke,
appellant entered a plea of true to the allegation that he failed to report as
ordered and pleas of not true to the remaining four allegations.  The trial court found four of the allegations
to be true.  The trial court then revoked
appellant=s
community supervision and imposed a sentence of confinement for two years in a
state jail facility.  A fine was not
assessed.  We affirm.








In his sole issue on appeal, appellant contends
that the sentence imposed is disproportionate to the gravity of the offense
under both U.S. Const. amend.
VIII and Tex. Const. art. I, ' 13. 
We disagree.

The eighth amendment prohibits punishments that
are Agrossly
disproportionate@ to the
offense for which the defendant has been convicted. Harmelin v. Michigan,
501 U.S. 957 (1991); McGruder v. Puckett, 954 F.2d 313 (5th Cir. 1992); Bradfield
v. State, 42 S.W.3d 350 (Tex. App.CEastland
2001, pet. ref=d); Hicks
v. State, 15 S.W.3d 626 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d);
Hernandez v. State, 10 S.W.3d 812 (Tex. App.CBeaumont
2000, pet. ref=d); Dunn
v. State, 997 S.W.2d 885 (Tex. App.CWaco
1999, pet. ref=d); Jackson
v. State, 989 S.W.2d 842 (Tex. App.CTexarkana
1999, no pet.). The reviewing court must first compare the gravity of the
offense with the severity of the sentence. Bradfield, 42 S.W.3d at
353.  

The record before this court does not support
appellant=s
claims.  Appellant judicially confessed
that he committed the offense.  The trial
court assessed a sentence that was within the range of punishment authorized by
Tex. Pen. Code Ann. '
12.35 (Vernon 2003).[1]  A penalty assessed within the range of
punishment established by the legislature will not be disturbed on appeal.  Jackson
v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield, 42
S.W.3d at 354. 

We note that appellant did not raise his state
constitutional claims in the trial court. 
Therefore, these claims are not properly before this court.  Tex.
R. App. P. 33; Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996); Acosta v. State,
160 S.W.3d 204, 211 (Tex.
App.CFort
Worth 2005, no pet.).

Appellant has not established that the trial court
abused its discretion.  The sole issue on
appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Section 12.35 provides that a person convicted of a
state jail felony shall be confined for a period of not more than two years but
not less than 180 days.  An optional fine
not to exceed $10,000 is also authorized.