In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00093-CR


______________________________




LARRY DWAYNE THOMAS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 31805-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Larry Dwayne Thomas appeals his conviction for injury to a child. See Tex. Penal Code
Ann. § 22.04(f) (Vernon Supp. 2006). Thomas pled guilty to the offense, without a plea agreement,
and was sentenced by the trial court to two years' imprisonment. On appeal, Thomas contends the
sentence imposed by the trial court was disproportionate to the offense, citing Solem v. Helm, 463
U.S. 277 (1983). (1) 

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Thomas'
sentence falls within the applicable range of 180 days to two years. See Tex. Penal Code Ann.
§ 12.35 (Vernon 2003).

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem, 463 U.S. at 290; Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J.,
plurality op.); Dunn v. State, 997 S.W.2d 885, 892 (Tex. App.--Waco 1999, pet. ref'd); Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey v. State, 881 S.W.2d 418,
420-21 (Tex. App.--Dallas 1994, pet. ref'd). 

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has
been reformulated as an initial threshold comparison of the gravity of the offense with the severity
of the sentence, and then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, No. 06-06-00044-CR,
2006 Tex. App. LEXIS 10072, at *3 (Tex. App.--Texarkana Nov. 21, 2006, no pet. h.); Dunn, 997
S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Although Thomas' sentence is two years' imprisonment and the range for a state jail felony
is 180 days' to two years' imprisonment, this range has been determined by the Legislature to
constitute appropriate punishment for this type of crime. Nothing in this record demonstrates or
raises an inference that this sentence was grossly disproportionate to this offense. (2) Thomas has failed
to show that his sentence was constitutionally disproportionate to the offense for which he was
convicted. His sole contention is overruled.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 18, 2006

Date Decided: December 19, 2006


Do Not Publish




1. Thomas did not object to the sentence on the ground it was disproportionate to the crime,
or on any other ground, at the time it was imposed. His motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
2. Even if there had been an inference raised that this sentence was grossly disproportionate,
this record contains no evidence comparing this sentence with others in the same jurisdiction for this
offense, or those imposed on defendants in other jurisdictions who committed a similar offense. See
Delacruz, 167 S.W.3d at 906.


              Chief Justice

Date Submitted:          September 9, 2004
Date Decided:             September 10, 2004

Do Not Publish