In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00084-CR


______________________________




REGINA ANN GRIFFIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 30356-A




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Regina Ann Griffin appeals her sentence in an adjudication of guilt proceeding for credit card
abuse. See Tex. Penal Code Ann. § 32.31 (Vernon Supp. 2006). Griffin pled guilty to the offense
June 27, 2003, with a plea agreement stipulating four years' deferred adjudication. The State filed
an application to adjudicate Griffin's guilt March 15, 2006, and she was adjudicated guilty April 6,
2006. She was sentenced by the trial court to one year of imprisonment. 

 On appeal, Griffin contends the sentence imposed by the trial court was disproportionate to
the offense, citing Solem v. Helm, 463 U.S. 277 (1983). (1) 

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Griffin's
sentence falls within the lower portion of the applicable range of 180 days to two years. See Tex.
Penal Code Ann. § 12.35 (Vernon 2003).

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem, 463 U.S. at 290; Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J.,
plurality op.); Dunn v. State, 997 S.W.2d 885, 892 (Tex. App.--Waco 1999, pet. ref'd); Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey v. State, 881 S.W.2d 418,
420-21 (Tex. App.--Dallas 1994, pet. ref'd). 

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has
been reformulated as an initial threshold comparison of the gravity of the offense with the severity
of the sentence, and then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, No. 06-06-00044-CR,
2006 Tex. App. LEXIS 10072, at *3 (Tex. App.--Texarkana Nov. 21, 2006, no pet. h.); Dunn, 997
S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Griffin's sentence is one year of imprisonment, and the range for a state jail felony is 180
days' to two years' imprisonment. This range has been determined by the Legislature to constitute
appropriate punishment for this type of crime. Nothing in this record demonstrates or raises an
inference that this sentence was grossly disproportionate to this offense. (2) Griffin has failed to show
that her sentence was constitutionally disproportionate to the offense for which she was convicted. 
Her sole contention is overruled.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 20, 2006

Date Decided: December 21, 2006


Do Not Publish




1. Griffin did not object to the sentence on the ground it was disproportionate to the crime, or
on any other ground, at the time it was imposed. Her motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
2. Even if there had been an inference raised that this sentence was grossly disproportionate,
this record contains no evidence comparing this sentence with others in the same jurisdiction for this
offense, or those imposed on defendants in other jurisdictions who committed a similar offense. See
Delacruz, 167 S.W.3d at 906.