In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00144-CR


______________________________




PAULA GRIMES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33,797-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Paula Grimes appeals from her revocation of community supervision. Grimes pled guilty and
was convicted March 3, 2006, of the offense of possession of a controlled substance. See Tex.
Health & Safety Code Ann. § 481.115(b) (Vernon 2003). There was no negotiated plea
agreement. The trial court sentenced Grimes to two years' confinement in a state-jail facility,
probated for three years. On June 8, 2006, the State filed an application for revocation of community
supervision. Grimes' community supervision was revoked July 6, 2006, and she was sentenced to
eighteen months' confinement. 

 On appeal, Grimes contends the sentence imposed by the trial court was disproportionate to
the offense, citing Solem v. Helm, 463 U.S. 277 (1983). (1) 

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Grimes'
sentence falls within the applicable range of 180 days to two years. See Tex. Penal Code Ann.
§ 12.35 (Vernon 2003).

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem, 463 U.S. at 290; Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J.,
plurality op.); Dunn v. State, 997 S.W.2d 885, 891-92 (Tex. App.--Waco 1999, pet. ref'd); Jackson
v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey v. State, 881 S.W.2d
418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd). 

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has
been reformulated as an initial threshold comparison of the gravity of the offense with the severity
of the sentence, and then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, No. 06-06-00044-CR,
2006 Tex. App. LEXIS 10072, at *3 (Tex. App.--Texarkana Nov. 21, 2006, no pet. h.); Dunn, 997
S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Grimes's sentence is eighteen months' confinement; the range for a state-jail felony is 180
days' to two years' imprisonment. This range has been determined by the Legislature to constitute
appropriate punishment for this type of crime. Nothing in this record demonstrates or raises an
inference that this sentence was grossly disproportionate to this offense. (2) Grimes has failed to show
her sentence was constitutionally disproportionate to the offense for which she was convicted. Her
sole contention is overruled.

 We affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: February 1, 2007

Date Decided: February 2, 2007


Do Not Publish

1. Grimes did not object to the sentence on the ground it was disproportionate to the crime, or
on any other ground, at the time it was imposed. Her motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
2. Even if there had been an inference raised that this sentence was grossly disproportionate,
this record contains no evidence comparing this sentence with others in the same jurisdiction for this
offense, or those imposed on defendants in other jurisdictions who committed a similar offense. See
Delacruz, 167 S.W.3d at 906.