In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00191-CR


______________________________




KENNETH JERMAINE ODUM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 31281-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Kenneth Jermaine Odum has appealed from the revocation of his community supervision for
the underlying offense of burglary of a habitation. See Tex. Penal Code Ann. § 30.02 (Vernon
2003). After an open plea of true to the allegations contained in the State's motion to revoke, Odum
was sentenced by the court to eight years' imprisonment.

 On appeal, Odum contends the sentence imposed by the trial court was disproportionate to
the offense, citing Solem v. Helm, 463 U.S. 277 (1983). (1)

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Odum's
sentence falls within the applicable range of two to twenty years. (2)

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem, 463 U.S. at 290; Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J.,
plurality op.); Dunn v. State, 997 S.W.2d 885, 892 (Tex. App.--Waco 1999, pet. ref'd); Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey v. State, 881 S.W.2d 418,
420-21 (Tex. App.--Dallas 1994, pet. ref'd); see also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex.
Crim. App. 2006) (describing this principle as involving a "very limited, 'exceedingly rare,' and
somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has
been reformulated as an initial threshold comparison of the gravity of the offense with the severity
of the sentence, and then, only if that initial comparison created an inference that the sentence was
grossly disproportionate to the offense should there be a consideration of the other two Solem
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.--Texarkana 2006, no pet.); Dunn, 997 S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Assuming, without deciding, that Odum's sentence is grossly disproportionate to the crime
he committed, there is no evidence in the record from which we could compare his sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Odum's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: June 7, 2007

Date Decided: June 14, 2007


Do Not Publish

1. Odum did not object to the sentence on the ground it was disproportionate to the crime, or
on any other ground, at the time it was imposed. His motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
2. At the time of his original guilty plea, the court correctly admonished Odum that he could
be sentenced to between two and twenty years for this offense, a second-degree felony. The
judgment finding him guilty and sentencing him to community supervision also reflects the correct
range of punishment. At the revocation hearing the subject of this appeal, the trial court informed
Odum that the range of punishment was two to ten years; and sentenced him within that range. 
However, the judgment revoking community supervision does reflect a second-degree felony, which
carries a range of two to twenty years. See Tex. Penal Code Ann. § 12.33 (Vernon 2003). This
discrepancy is not raised as a point of error on appeal, and we do not address it in this opinion.


 Times New Roman">Date Decided: April 11, 2007


Do Not Publish

1. "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence, by act . . . causes to a child, . . . (3) bodily injury." Tex. Penal Code Ann. § 22.04
(Vernon Supp. 2006). 
2. "A person is criminally responsible for an offense committed by the conduct of another if:
. . . acting with intent to promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense." Tex. Penal Code Ann.
§ 7.02(a)(2) (Vernon 2003).