Opinion filed April 24, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed April 24,
2008  

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00276-CR 

                                                    __________

 

                                     DERRICK
MORGAN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 241st District Court

                                                           Smith
County, Texas

                                              Trial
Court Cause No. 241-0473-06

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Derrick Morgan of aggravated robbery, found both enhancement
allegations to be true, and assessed his punishment at confinement for life. 
We affirm.

In
three issues, counsel for appellant challenged the admission of evidence of
automobile accidents prior to and following the aggravated robbery, the
punishment assessed by the jury, and the stacking of the sentence in this case
with the sentence in another case.  Appellant has not supplemented counsel=s brief.  There is no
challenge to the sufficiency of the evidence.








Sabrina
Garcia testified that, between 5:30 and 6:00 p.m. on December 3, 2005, she
drove with her two daughters in her Dodge Intrepid to the CVS Pharmacy on
Gentry and Glenwood in Tyler, Texas.   Her daughters B Rachel age sixteen and Elizabeth age twelve B stayed in the car
listening to music while Sabrina went into the store to get medicine for her
husband.  While she was in the store, Sabrina heard Rachel scream in terror. 
She dropped the medicine and ran.  Sabrina could tell Rachel was afraid, and
Sabrina was thinking that something bad was happening. 

Rachel
met her mother at the door to the store and told her, AI tried, Momma.  I tried.@  Rachel was holding her
side, and Sabrina thought she was hurt.  Sabrina could not see out into the
parking lot and was afraid that Elizabeth had been kidnapped.  Elizabeth ran
into the store screaming and collapsed on the floor.

Elizabeth
testified that, while she and her sister were in the car, they heard a crash. 
They got out of the car and saw appellant get out of a red Jeep Cherokee and
run toward them.  Elizabeth thought appellant had been hurt in the accident and
was going to let him use her cell phone.  Instead, appellant got into their
Dodge Intrepid.  Together with her sister, she tried to pull appellant out of
their car.  Appellant put the car in reverse and backed up.  When he did that,
the open car door hit Elizabeth and knocked her to the ground.  As appellant
drove forward, Elizabeth was afraid that he was going to run over her, and she
ran into the store.

Rachel
testified that, when they heard the accident, she and her sister got out of
their car. Appellant came running over to them asking for a phone.  Elizabeth
offered him a cell phone, but appellant knocked it out of her hand and got into
their car.  Appellant put the car in reverse and Agun[ned]
it,@ dragging
Elizabeth with the open car door across part of the parking lot.  Rachel was
afraid for her sister.

Thomas
Sanders testified that he witnessed the incident in the CVS parking lot and
that he saw the two girls try to get appellant out of the Dodge Intrepid.  When
appellant put the car into reverse, the open car door hit Elizabeth and moved
her Aa good 5 to 10
foot@ across the
parking lot.  After Elizabeth fell to the concrete, appellant Abarely missed her with the
front driver side tire.@
Appellant showed no concern for the safety of either girl.








Evidence
of both a prior accident involving appellant in a red Jeep Cherokee and a later
accident involving appellant in Sabrina=s
Dodge Intrepid was introduced at trial over appellant=s objections.  Not only Elizabeth=s testimony but also
testimony from other witnesses established that appellant left the wrecked Jeep
Cherokee immediately before he stole Sabrina=s
Dodge Intrepid.  When Sabrina=s
wrecked Dodge Intrepid was recovered, appellant=s
blood was found on the deployed airbags.

In
his first issue, appellant argues that the trial court abused its discretion by
admitting the evidence of the prior and subsequent accidents because those
accidents were extraneous offenses and because the testimony was not Asame transaction contextual
evidence.@  We
disagree.

The
record reflects that these two accidents occurred immediately before and then 
subsequent to the offense for which appellant was convicted.  They surround the
offense and place the offense in context.  The offense began, at the latest,
with appellant clipping the rear end of a white car and jumping a curb Aright across the street@ from the CVS while he was
driving the red Jeep Cherokee.  He then left the Jeep Cherokee and ran across
the street to the CVS.  Appellant stole Sabrina=s
car, knocked Elizabeth to the ground, and hit a parked car in the CVS parking
lot before driving off.  Appellant left Sabrina=s
car after hitting a third car head-on.  The evidence was properly admitted as
same transaction contextual evidence.  Wyatt v. State, 23 S.W.3d 18, 25 (Tex.
Crim. App. 2000); Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993);
Moreno v. State, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986).  The trial court
did not abuse its discretion, and the first issue is overruled.

Next,
appellant contends that the jury assessed a punishment that was disproportionate
to the offense and, therefore, in violation of his Eighth and Fourteenth
Amendment rights.  We disagree.

The Eighth Amendment prohibits punishments that are Agrossly disproportionate@ to the offense for which
the defendant has been convicted.  Harmelin v. Michigan, 501 U.S. 957
(1991); McGruder v. Puckett, 954 F.2d 313 (5th Cir. 1992); Bradfield
v. State, 42 S.W.3d 350 (Tex. App.C
Eastland 2001, pet. ref=d);
Hicks v. State, 15 S.W.3d 626 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d);
Hernandez v. State, 10 S.W.3d 812 (Tex. App.CBeaumont 2000, pet. ref=d); Dunn v. State, 997 S.W.2d 885 (Tex.
App.CWaco 1999, pet.
ref=d); Jackson v.
State, 989 S.W.2d 842 (Tex. App.CTexarkana
1999, no pet.).  The reviewing court must first compare the gravity of the
offense with the severity of the sentence.  Bradfield, 42 S.W.3d at 353.








The
record does not reflect that the sentence is Agrossly
disproportionate@ to
the offense.  The jury heard testimony concerning the offense and testimony
concerning appellant=s
ten prior  convictions.  The jury assessed a sentence that was within the range
of punishment authorized by Tex.
Penal Code Ann. ' 12.42 (Vernon Supp. 2007)
for a person convicted of a first degree felony offense with two prior felony
convictions.  A penalty assessed within the range of punishment established by
the legislature will not be disturbed on appeal.  Jackson v. State, 680
S.W.2d 809 (Tex. Crim. App. 1984); Bradfield, 42 S.W.3d at 354. 
Appellant=s second
issue is overruled.

In
his third issue, appellant argues that his constitutional and statutory rights
were violated when the trial court granted the State=s motion to cumulate the sentence in this case
with his sentence for a harassment conviction.  Appellant contends that
stacking these sentences is cruel and unusual punishment because the resulting
punishment is disproportionate to the offenses.  Appellant also argues that the
evidence presented at the aggravated robbery trial and at the harassment trial
was so intertwined that the trial court abused its discretion when it granted
the State=s motion. 
We disagree.

Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon 2006) provides that the trial court in its discretion may order that a
second, subsequent sentence begin when a prior sentence ceases or may order
that the sentences run concurrently.  The record reflects that, while appellant
was confined in administrative sequestration at the Smith County Jail, he threw
a cup of his urine on a jail sergeant.  Appellant was convicted of harassment
and sentenced on June 15, 2006.  Appellant was later tried for the present
offense and sentenced on September 20, 2006.  The harassment offense was
committed on January 4, 2006, almost a month after the present offense.  We
disagree with appellant=s
contention that the evidence of the harassment offense was so intertwined with
the evidence of the aggravated robbery of Sabrina=s
car that it was error to stack the sentences.  The trial court did not abuse
its discretion, and as stated above, sentences within the range authorized by
the legislature will not be disturbed on appeal.  The third issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

April 24, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.